MEMORANDUM *
Nina Manning appeals the district court’s denial of her motion to suppress statements that she made to Naval Criminal Investigative Service (“NCIS”) agents in connection with the unlawful killing of her infant daughter “J.M.” Manning also *35 appeals the district court’s denial of her motion to suppress evidence that was obtained during a search to which she consented verbally and in writing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court’s denial of a motion to suppress. See United States v. Decoud, 456 F.3d 996, 1007 (9th Cir.2006). We review the district court’s findings of fact for clear error. See United States v. Howard, 447 F.3d 1257, 1262 n. 4 (9th Cir.2006). We affirm.
The district court held an evidentiary hearing to consider Manning’s Motion to Suppress. After such a hearing, a district court’s findings of fact may only be reversed upon a “definite and firm conviction that a mistake has been committed.” See Easley v. Cromartie, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001) (articulating the clear error standard of review); Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837, 843 (9th Cir.2004) (same). We find no clear error in the district court’s findings of fact.
The district court properly applied the law to its findings of fact and found that Manning was not in custody when she confessed to killing J.M. In order to determine whether an individual is in custody, we must first consider “the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave.” Thompson v. Keohane, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). Pertinent factors include “(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual.” United States v. Kim, 292 F.3d 969, 974 (9th Cir.2002) (citations omitted).
Considering these factors, a reasonable person in Manning’s situation would have felt free to terminate the interview and leave. The language used to summon Manning was not indicative of someone in custody. Manning voluntarily accompanied the agents to NCIS offices after a professional and non-threatening summons and her refusal of the invitation by the officers to let her drive separately. While Manning may have been confronted with evidence of her guilt, this is not the case where the agents repeatedly called her a liar, confronted her with misleading evidence, and pressed her for the truth. See United States v. Beraun-Panez, 812 F.2d 578, 580 (9th Cir.1987). The agents instead discussed various “red flags” that they found in the prior investigation and, based on her response to that discussion, shared how them experiences with children differed with Manning’s account. The district court found that the officers treated Manning professionally and courteously and did not press her for the truth at any time. According to the district court’s findings, the physical surroundings of the interrogation do not suggest that the agents exercised their dominion over Manning. She was questioned in an 18 by 25 foot comfortable appearing office with upholstered furniture and a large window. The door to this room was only closed upon receiving her permission. The length of the detention does not indicate a finding of custody. While Manning was questioned for over four hours, she made her first confession 70 minutes into the interview and was given numerous breaks throughout the interview. Manning was also told that she was free to leave throughout the interview and would be taken home. Finally, almost no pressure was applied to detain Manning. Manning was not threatened, restrained, or subject *36 to any physical or psychological pressure during the interview. Therefore, considering the totality of circumstances surrounding the interview as found by the district court, a reasonable person in Manning’s position would have felt free to terminate the interview and leave at any time. The district court did not err in concluding that Manning was not in custody. See Thompson, 516 U.S. at 112, 116 S.Ct. 457.
The district properly applied the law to its findings of fact and found that Manning’s confession was voluntary. A statement is involuntary if, in the totality of the circumstances, a suspect’s will was overborne by law enforcement. Haynes v. State of Wash., 373 U.S. 503, 513-14, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963). There is no evidence in the record to suggest that the NCIS agents obtained the statements by the use of any physical or psychological coercion or by improper inducement so that Manning’s will was overborne. Therefore, Manning’s confession was voluntary. See United States v. Coutchavlis, 260 F.3d 1149, 1158 (9th Cir.2001).
The district court also'properly applied the law to its findings of facts and found that Manning’s consent to search her residence was given voluntarily. To determine whether consent to a search was given voluntarily, we look at the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Pertinent factors include: “(1) whether the defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings were given; (4) whether the defendant was notified that she had a right not to consent; and (5) whether the defendant had been told a search warrant could be obtained.” United States v. Jones, 286 F.3d 1146, 1152 (9th Cir.2002) (citing United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1989)). At the time Manning consented to the search (1) she was not in custody, (2) the officers did not have them guns drawn, (3) Miranda warnings were not necessary because she was not in custody, (4) she was notified and understood that she had a right to refuse, and (5) she was not told that a search warrant could be obtained. Therefore, the consent to search her house was voluntarily given. See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.